IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01419-PAB

CHAD SANFORD,

     Plaintiff,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY d/b/a EMC INSURANCE,

     Defendant.

---

## ORDER

---

     The Court takes up this matter *sua sponte* on the Notice of Removal to United States District Court for the District of Colorado [Docket No. 1].

     "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff's complaint names Employers Mutual Casualty Company dba EMC Insurance ("EMC") as the defendant. Docket No. 6 at 1. The complaint was filed in Arapahoe County District Court. *See id.* Nevertheless, EMCASCO Insurance Company ("EMCASCO"), a non-party, has removed this case from state court. *See* Docket No. 1. EMCASCO admits that EMC is a company distinct from EMCASCO. Docket No. 3 at 1, ¶ 1. The notice of removal states that it is filed by "the incorrectly named Defendant, Employers Mutual Casualty Company dba EMC Insurance, and properly named insurer EMCASCO Insurance Company." Docket No. 1 at 1. However, the notice is signed only by counsel for EMCASCO. *Id.* at 6.

Additionally, EMCASCO refers to itself as the only defendant throughout the notice of removal.  *See, e.g.*, *id.* at 4 ("Defendant, EMCASCO, is now . . . .").  Accordingly, the Court finds no basis for EMCASCO's assertion that the notice of removal is also filed by EMC.

Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court.  "A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings. . . .  Because USAA CIC was not named as a defendant in the state court case, it ha[s] no ability to remove or participate in the removal of this case."  *Gay v. United Servs. Auto. Assoc.*, 2021 WL 2392425, at *3 (W.D. Okla. June 11, 2021).  Removal by EMCASCO was accordingly improper.[1]

EMCASCO additionally filed a motion to amend the case caption, stating that plaintiff incorrectly named the defendant.  Docket No. 3.  EMCASCO states that EMC, the named defendant, "is a separate entity not involved with Plaintiff's claims in this matter."  *Id.* at 1, ¶ 1.  Instead, EMCASCO argues that the correct entity for plaintiff's claims is EMCASCO.  *Id.*, ¶ 2.  However, it is well settled that the plaintiff is the master of his or her complaint.  *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Plaintiff sued EMC, not EMCASCO.  *See* Docket No. 6.  EMCASCO cites no authority for a court to "amend" a case caption by effectively dismissing one defendant and

_____

[1] The Court notes that, even if the notice was properly filed, it does not contain any allegations about the citizenship of EMC.  *See generally* Docket No. 1.  It is therefore defective.

substituting another.  Moreover, EMCASCO provides no basis for a non-party to file such a motion.

Because removal in this case was improper, the Court will remand this case.  It is therefore

**ORDERED** that this case is **REMANDED** to the District Court for Arapahoe County, Colorado where this case was filed as Case No. 2022CV30873.  It is further

**ORDERED** that this case is closed.


DATED June 14, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

3